IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | ) Case No.07-50082-jwv13 |
| | ) |
| Peter Albert Prescotte | ) SSN: xxx-xx-2254 |
| | ) |
| Debtor | ) |
| | ) |

**FIRST AMENDED**
**CHAPTER 13 PLAN AND PLAN SUMMARY FOR CASES FILED ON OR**
**AFTER OCTOBER 17, 2005**

Amended plan

**YOUR RIGHTS WILL BE AFFECTED**. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed before the deadline stated on the separate notice you should have received from the court.

Unless otherwise noted, all statutory references below are to Title 11 of the United States Code.

Unless otherwise noted, all references to "court" are to "The United States Bankruptcy Court for the Western District of Missouri."

1.  **PLAN PAYMENT**
    a.  Debtor shall pay $150.00 per month from future earnings to the standing Chapter 13 trustee. All plan payments must be payable to "Richard V. Fink. Trustee"; must include the debtor's name and case number; and must be mailed to Richard V. Fink, Trustee, P.O. Box 1839. Memphis, TN 38101-1839. Except as otherwise provided in the confirmed plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan. The trustee shall only make payments to creditors with filed and allowed claims. The manner of distribution to creditors is determined by the Chapter 13 trustee unless otherwise clearly set out in the plan as confirmed.

    b.  The plan payments shall commence within 30 days of the date that the petition is filed. If the plan provides for a voluntary wage assignment to an employer and the wage assignment has not gone into effect, timely payment is the debtor's responsibility. Once a plan is confirmed, that plan payment remains in effect until such time as the court confirms a subsequent amendment. If information is provided in the section for a voluntary wage assignment to employer, an order will be issued

      to the employer. The trustee also may cause an order to be issued to the debtor's employer pursuant to LR 3083-1 H.

c.     The debtor shall devote to the plan all of the debtor's disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in 1326(a)(1) unless the plan provides for payment in full of ail allowed unsecured claims over a shorter period, Disposable income is defined in 1325(b)(2) and (b)(3) and the applicable commitment period is defined in 1325(b)(4).

d.     Voluntary Wage Assignment to Employer:

| Debtors' Name | Monthly amount | Employer's name | Street address | City, state & zip |
|---|---|---|---|---|
| Peter Albert Prescotte | $150.00 | Board of Public Utilities | 540 Minnesota | Kansas City KS 66101 |

      Direct payment: from debtor(s) to trustee

2. **FILING PROOFS OF CLAIMS**

    a.     The trustee shall only distribute payments, including adequate protection payments, to creditors who have filed proofs of claim. If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the debtor from making the required direct payments. If the debtor is to make direct payments to a creditor, those payments must be paid pursuant to the terms of the contract regardless of whether the plan is confirmed. However, if the trustee is to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the trustee's office. The trustee will distribute to creditors, absent other order of the court, based on the confirmed plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional adjusted or amended claims- LR-3084-1 and LR 3085-1.

    b.     The trustee shall mail payments to the address provided on the proof of claim unless the claimant provides another address in writing for payments to it. If the claim is assigned or transferred, the trustee shall continue to remit to the original claimant until an assignment or transfer of claim is filed with the Court. The trustee shall continue to make payments to any creditor with a filed and allowed claim after an order granting relief from the stay is entered; or the stay is otherwise not in effect. The trustee shall cease making payments only after an objection is filed to the claim and an order is entered disallowing the claim; or until the creditor advises the trustee in writing to

cease making payments to it.

3. **ADMINISTRATIVE COSTS**

    a. Pay debtor's attorney as indicated below and pay trustee's fee per 28 USC 586 and 1326. Trustee's fees shall be collected from each payment disbursed by the trustee regardless of whether it is paid pre- or post-confirmation. See 28 USC 586 and the orders of the court. Attorney fees paid from the plan payments must have a monthly payment amount listed below in an amount that does not cause the plan to violate 1322(a)(1). If no equal monthly amount is shown below, the trustee shall assign one pursuant to "2005 Standing Order No.3" of the court.

| Total attorney fees | Attorney fees paid directly by the debtor | Attorney fees paid from the plan payments | Equal monthly amount [1] ("EMA) |
|---|---|---|---|
| 2450 | 1400 | 1050 | 135 |

    b. Attorney fees paid from the plan payments will be paid pursuant to the above paragraph unless a different treatment is provided in paragraph 11 of this plan and the court issues a specific order regarding that proposed treatment. The confirmation of the plan without that separate, specific court order will not permit attorney fees to be paid contrary to the equal monthly amount specified above. All attorney fees paid contrary to this paragraph or other order of the court are subject to disgorgement,

4. **PRIORITY CLAIMS**

    a. 1322(a)(2) provides that all claims entitled to priority under 507(a) shall be paid in full in deferred cash payments, except for a priority claim under 507(a)(1)(8), unless the holder of a particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classed for purposes of distribution under this plan unless otherwise specified in paragraph 11 or other order of the court.

    b. Domestic Support Obligation(s) [2] (DSO)

        i. X None. If none, skip to subparagraph e below.

        ii. The name(s), address(es) and phone number(s), including area code, of the holder of any DSO as defined in 101 (14A). Pursuant to 112 do not disclose the name of a minor child. Identify only as "Minor child #1, Minor child #2, etc.:

3

| Name, DSO claim holder | Address, city & state | Zip code | Telephone number |
|---|---|---|---|
| None | | | |

   iii. Debtor(s) shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 plan payments made to the Chapter 13 trustee.

 c. Arrearages[4] owed to DSO holders under 507(a)(1)(A).
  i. X None. If none, skip to subparagraph d below.

  ii. The name(s), address(es} and phone number(s), including area code, of the holder of any DSO arrearage claim, estimated arrears and monthly payment. Pursuant to 112 do not disclose the name of a minor child. Identify only as "Minor child #1, Minor child #2, etc.:

| Name, address, phone number of DSO claim holder. | Estimated Arrearage | EMA (If blank this claim will holder be paid pro rata from funds available for this class after the payment of creditors with an EMA) |
|---|---|---|
| None | $ | $ |

   iii. DSO arrearages shall be paid from the Chapter 13 plan payments made to the Chapter 13 trustee.

 d. DSO assigned to or owed to a governmental unit under 507(a}(1)(B):

  i. X None. If none, skip to subparagraph e below.

  ii. The debtor shall pay all post-petition DSO assigned to a governmental unit directly to the assignee of the claim and not through the Chapter 13 plan payments made to the Chapter 13 trustee,

  iii. The name(s), address(es) and phone number(s), including area code, of the holder of the assigned DS0 arrearage claim, estimated arrearage claim and equal monthly amount or other special provisions shall be set out below. Any special provisions must also be clearly set out in paragraph 11 of the plan.

| Name, address, phone number of DSO claim holder | Estimated Arrearage Claim | EMA or Special Provision(if blank this claim will be paid pro rata from funds available for this class after the payment of creditors with an EMA) |
|---|---|---|
| None | $ | $ |

  e. Priority claims other than DSO's.

    All priority creditors, including DS0's, with a filed and allowed claim for whom an EMA is provided, shall be grouped for distribution purposes with any creditor for whom an EMA is provided, including secured claims and attorney's fees. All priority unsecured creditors, including DSO's, with a filed and allowed claim for whom an EMA is not provided, shall be grouped for distribution purposes with any secured creditor for whom an EMA is not provided.

| Name of non-DSO-priority creditor | Estimated priority claim | EMA (if blank this Claim will be paid pro rata from funds available for this class after the payment of creditors with an EMA) |
|---|---|---|
| None | $ | $ |

**5. RESIDENTIAL HOME MORTGAGES**

  a. Use this section <u>only</u> for the primary residence. All other long-term debts[3] should be dealt with in paragraph 6.

  b. Pre-petition arrearage(s)[4] will be paid from the plan payments. All pre- petition arrearages, whether scheduled or unscheduled, will be paid 0% interest pursuant to 1322(e) unless otherwise ordered by the court.

  c. Residential home mortgages to be paid as long term debts pursuant to 1322(b)(5) and excepted from discharge pursuant to §1328(a)(1):

    X  Post-petition payments are to be paid directly by debtor(s).

Post-petition payments are to be paid from the plan payments. (The trustee shall calculate post-petition payments to commence with the month the petition is filed unless the court orders otherwise.)

| Mortgage lien holder | Regular monthly payment | Total pre- petition arrearage | Arrearage interest rate | EMA -arrearage payment (if left arrearage blank creditor will be paid pro rata) |
|---|---|---|---|---|
| Chase Home Finance (combined payment on first and Second Mortgage) | $1,827.25 | $0.00 | zero | $ |

    d.    Residential home mortgages to be paid in full during the life of the plan <u>from the plan payments</u>: Debtor intends to sell his home and pay the loan in full from the proceeds. He will pay regular payments pending the sale.

        i.    A pre-petition arrearage will not be paid as a separate debt as it should be part of the principal balance claim which is being paid in full.

        ii.    If no monthly payment is provided, the creditor will be paid pro rata.

| Mortgage lien holder | Principal balance | Monthly payment | Interest rate |
|---|---|---|---|
| None | $ | $ | % |

**Mortgage Lenders:**

**In the event that Debtor(s) proposes to pay any portion of a mortgage/deed of trust or mortgage/deed of trust arrears within or without a confirmed plan of reorganization then the following shall apply:**

**Claims for post-petition debt service different from that contained in Debtor(s)' plan, costs, and/or fees, including, but not limited to: pre/post-petition arrearage; pre/post-petition escrow; pre/post-petition attorney's fees; inspection fees; monitoring fees; attorney costs; bankruptcy fees and/or costs; and/or any other addition to principal and interest under the note and/or mortgage/deed of trust, shall be disallowed and shall not attach to the note and/or**

**mortgage/deed of trust and shall not become a lien on Debtor's real property unless the creditor, its agent and/or assign shall:**
    **(a) First provide written notice thereof return receipt requested to Debtor(s) and their attorney containing an itemization of all charges, costs or fees, and**
    **(b) Second until the creditor, its agent and/or assign shall have filed a claim with the Court for said additional costs and/or fees and obtained approval from the Court.**

**All accounts for post-petition escrow balances shall begin with $0.00 as of the date of filing of the Petition. All pre-petition escrow balances must be included in Creditor's filed and allowed claim.**

**Mortgage lenders shall segregate arrearage accounts to be paid through this plan and shall not apply current payments made on current debt service to pre-petition arrears.**

**Mortgage lenders and/or servicers shall continue to provide to Debtors all notices of changes in payments due to fluctuations in escrow requirements and/or interest rates and/or changes in servicers normally required by the Real Estate Settlement Procedures Act in the absence of a bankruptcy.**

6. **LONG TERM DEBTS' PURSUANT TO 1322(b)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO 1328(a)(1)**

    a.    All pre-petition arrearages, whether scheduled or unscheduled, will be paid 0% interest pursuant to 1322(e} unless otherwise ordered by the court.

        post-petition payments are to be paid directly by debtor(s).

        post-petition payments are to be paid from the plan payments.

| Creditor name | Regular monthly | Total arrearage | Arrearage interest rate | EMA arrearage payment (if left blank creditor will be paid pro-rata |
|---|---|---|---|---|
| None | | | | |

7. **SECURED CREDITORS**
    a.    The holder of such a claim shall retain its lien, until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under 1328 and if the case is dismissed or converted without completion of the plan the lien also shall be retained by such holder to the

  b. Pre-confirmation adequate protection payments:

    i. Pursuant to the order of the court, all adequate protection payments to secured creditors required by 1326(a)(1) shall be made through the Chapter 13 trustee, unless otherwise ordered in the amount of the equal monthly amount (EMA) provided in the plan for that creditor. Such payments shall be subject to the trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim, A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in this paragraph. In order for such creditor to receive adequate protection payments, the debtor must amend the plan to so specify that creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan.

    ii. All creditors listed below in subparagraphs 7(c) and 7(d) shall receive adequate protection payments pursuant to 1326(a)(1), with the trustee releasing such payments to each creditor only after a proof of claim is on file.

  c. Claims to which 506 valuation is not applicable:

    i. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor(s) for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See 1325(a)(5).

    ii. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the equal monthly amount listed below with the appropriate discount rate.

iii. An equal monthly amount must be provided for creditors listed in this subparagraph

(extent recognized by applicable non-bankruptcy law.)

| Creditor name, address last four digits of account number | Collateral | Discount rate | EMA through plan |
|---|---|---|---|
| None | | | |

      d.    Claims to which 506 valuation is applicable:

          i.    Claims listed in this subsection consist of any claims secured by personal property not described in paragraph 7(c) above. The portion of any allowed claim that exceeds the value indicated below will be treated as a non-priority unsecured claim. See   1325(a)(5) and 506(a).

          ii.    After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the monthly payment listed below with the appropriate discount rate.

          iii.    A equal monthly amount must be provided for creditors listed in this subparagraph.

| Creditor name, address, last four digits of account number | Collateral | Value | Discount rate | EMA payment through plan |
|---|---|---|---|---|
| None | | | | |

          iv.    Secured creditors with a non-purchase money security interest in consumer goods will be subject to lien avoidance per   522(f), and treated as non-priority unsecured only if a separate motion/action is filed and the court enters an order avoiding the lien.

**8.**    **SECURED CREDITORS - SURRENDER PER   1325(a)(5)(C)**

      a.    Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless otherwise specified in the plan. Any repossession/foreclosure prior to confirmation of this plan must be obtained by a filed motion and court order, unless the automatic stay no longer applies under   362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate debtor's state law contract rights.

      b.     If a deficiency claim is filed, it will be allowed unless the column titled "Surrender In lieu of Entire Debt   has a mark of any kind in it. If there is any mark in said column, the debt will be loaded as "surrendered in lieu of the entire debt," including any non-priority unsecured portion.

| Name of creditor | Collateral to be surrendered | Surrender in lieu of entire (leave blank if a deficiency claim is to be allowed) |
|---|---|---|
| None | | |

### 9. EXECUTORY CONTRACTS & UNEXPIRED LEASES

      a.     Post-petition payments on executory contracts and unexpired leases, which are assumed, shall be paid directly by debtor(s).

      b.     Any pre-petition arrearages shall be cured by direct payments made by debtor(s).

| Creditor name | Property Description | Accept or Reject |
|---|---|---|
| Neil Trummel | Month to month residential lease necessary for continued employment | Accept |

### 10. NON-PRIORITY UNSECURED CREDITORS

      a.     All filed and allowed non-priority unsecured creditors generally will not receive any distribution required to be paid under this plan until after all secured and priority claims are satisfied and all long-term payments being paid through the trustee are current.

      b.     Only choose <u>one</u> of the following:

           i.  X A dividend of 100%, or

           ii.    A dividend of 0%, or

           iii.   A POT[6] Plan - select only one of the following options;

    1.      Liquidation Analysis POT ("LAP") There is non-exempt equity of $_____

    2.      Disposable Income POT - 36 months ("DIP-36$^{n7}$)

        The DIP-36 amount is $_____ ($_____ monthly disposable income x 36)

    3.      Disposable Income POT - 60 months ("DIP-60$^{n8}$)

        The DIP-60 amount is $_____ ($_____ monthly disposable income x 60)

    4.      If there is both non-exempt equity and disposable income requiring a POT -36 or POT -60. the type of POT selected should be the greater of the amount of non-exempt equity or the POT required under a POT -36 or POT -60.

**11.    OTHER REMARKS OR PROVISIONS**

    Debtor will make scheduled payments and place his home for sale. Once he sells the home, he will utilize the proceeds in excess of the mortgage and expenses of sale but less than his exemption to move to a less expensive residence with payments within IRS guidelines. Any sale proceeds in excess of relocation expenses will be paid to the trustee. Once he has relocated, Debtor will increase plan payments by an amount equal to the savings he achieves from relocating.

    Debtor will use his best efforts to sell his home within 18 months from the date the plan is confirmed. If Debtor is unable to sell his home within 36 months, debtor will invade his Life Touch ESOP and pay off his plan.

    Beginning in Fall 2007 Debtor will also begin paying tuition for his daughter to attend a local college. Both of Debtor's children will apply for assistance and obtain part time employment to defray the costs of their education.

    Debtor estimates that payments after relocation and payment of tuition will be approximately $900.00 per month.

Dated:

/s/ Peter Albert Prescotte
Peter Albert Prescotte

BY:
PATTERSON LAW OFFICE LLC

11

/s/ Christopher T. Patterson
Christopher T. Patterson
MO Bar # 28732
7000 N.W. Prairie View Road
Kansas City MO 64151
816-471-7722 Fax 816-746-6104
cpatterson@pattersonlaw.net
ATTORNEYS FOR DEBTOR

1 <u>Equal Monthly Amount (EMA)</u>: formerly known as "fixed monthly payments" or "permo's",

2 Domestic Support Obligation (DSO): See  101(14A).

3 <u>Long Term Debt:</u> A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.

4 <u>Arrearage</u>: Any arrearages listed on the plan/plan summary are the debtor's best estimate of the amount owed as of the date of the petition. The trustee's office will pay arrearages based on the filed and allowed proof of claim of the creditor pursuant to Local Rule 3084-1 (G). If no arrearage amount is shown on the proof of claim none shall be paid.

5 <u>Value of Collateral</u>: The value of collateral listed on the plan/plan summary is the debtor's best estimate- The trustee's office uses the value listed on the face of the filed proof of claim, if one is listed, pursuant to Local Rule 3084-1 (D) when loading the proof of claim. If the value of the collateral is not provided on the face of the proof of claim nor in the plan, the claim will be treated as a non-priority unsecured claim.

6  <u>POT</u>: The filed and allowed non-priority unsecured claimants will share pro rata any funds left in "The Pot" after the satisfaction of the pre-petition attorney fees being paid from the plan payments and the pre-petition filed and allowed priority unsecured claims. If the pre-petition attorney fees being paid from the plan payments and the filed and allowed priority unsecured claims are equal to or greater than "The Pot", the filed and allowed non-priority unsecured creditors shall share zero (0%). After the dividend has been set by the trustee's office to comply with "The Pot", the trustee's office will not adjust the percentage to accommodate proofs of claim and amended proofs of claim filed and allowed after the bar date. It will be the responsibility of the debtor to determine if there needs to be an adjustment to the non-priority unsecured dividend. If the debtor determines that an adjustment needs to be made. it will be the responsibility of the debtor to determine an appropriate percentage and file an amendment to the plan to set the dividend to that percentage. Once the trustee's office has set the dividend based on "The Pot", any amendment to the plan will need to reflect the dividend which has been set or the amendment needs to provide a dividend that will comply with the Bankruptcy Code and be at least the percentage that the non-priority unsecured creditors have been paid as of the effective date of that amended plan.

7 <u>DISPOSABLE INCOME POT - 36 MONTHS (DIP-36)</u>: If the debtor has disposable income as defined in  1325(bX2) and (b)(3) and the applicable commitment period as defined in

1325(b)(4)(A) is three (3) years, the DIP-36 will be the amount of the monthly disposable income multiplied by 36.

8 <u>DISPOSABLE INCOME POT - 60 MONTHS (DIP-6O)</u>: If the debtor has disposable income as defined in 1325(b)(2) and (b)(3) and the applicable commitment period as defined in 1325{b}{4)(A) is not less than five (5) years, the DIP-60 will be the amount of the monthly disposable income multiplied by 60.